**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| DAVID MATTHEW BREEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:06-CV-118 (CDL) |
| | * | 42 U.S.C. § 1983 |
| WARDEN DWIGHT HAMMRICK, | * | |
| BILLY WICKER, and BROWN KEYS, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court are Defendants' Motion for Summary Judgment and Amended Motion for Summary Judgment. (R-15 and 19). The Plaintiff was notified of his right to respond and did so on June 4, 2007. (R-21).

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, dealing with motions for summary judgment, provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.

1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the non-

movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991). Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.**

> **If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**.
> (emphasis added).

## DISCUSSION

On October 12, 2006, Plaintiff filed the current 42 U.S.C. § 1983 suit alleging that the Defendants violated his rights under the Eighth Amendment when they were deliberately indifferent to his safety and the safety of other inmates. (R-1). Specifically, Plaintiff contends that the Defendants "let the inmate that stabbed [him] back into [the general] prison population." *Id*. Plaintiff further alleges that Defendants violated his rights when they refused to press charges of attempted murder against the inmate (hereinafter, "inmate Murray") that allegedly stabbed him. *Id*. Plaintiff averred that he notified the Board of Pardons and Parole that inmate Murray was being released into the general prison population but that the Board never responded. *Id*. Plaintiff seeks to have charges brought against Defendants for criminal attempt to commit murder "for not charging the inmate as they are supposed to do," and for "cruel and unusual punishment for letting the inmate back into the prison population to harm my life and the lives of others." *Id*. The Plaintiff's complaint also requests monetary damages that total $ 800,000.00; $ 400,000.00 for cruel and unusual punishment and $ 400,000.00 "for not charging the inmate as requested." *Id*.

I. **Defendants' Motion for Summary Judgment**

Defendants filed a Motion for Summary Judgment on May 15, 2007 (R-15), and an Amended Motion for Summary Judgment on May 21, 2007 (R-19). Defendants asserted

several grounds for relief, including: failure to state a claim upon which relief may be granted under the Eighth Amendment; qualified immunity; failure to exhaust administrative remedies; and failure to state a claim upon which relief may be granted as to supervisory liability.

## Exhaustion Requirement

In their Motion for Summary Judgment, the Defendants contend that Plaintiff failed to timely exhaust his available administrative remedies where he failed to file a formal grievance. (R-19-1). Defendants contend that "Plaintiff submitted an informal grievance on August 16, 2006, which was related to the allegations set forth in his complaint." (R-19-1, and R-17, Exhibit A). Defendants further contend that Plaintiff did not request a formal grievance and thus, said grievance was not subject to all levels of administrative review. *Id*.

By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has consistently held that where Congress explicitly mandates, a plaintiff must exhaust the administrative remedies available to him before he is authorized to file a lawsuit in federal court. *McCarty v. Madigan,* 503 U.S. 140, 144 112 S.Ct. 1081, 1086 (1992). The Eleventh Circuit Court of Appeals, following the Supreme Court rulings and the PLRA, has held that "since exhaustion is now a precondition to suit, the courts cannot simply waive those requirements..."

5

*Alexander v. Hawk,* 159 F.3d 1321, 1326-27 (11th Cir. 1998).

A recent United States Supreme Court decision recently held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (U.S. 2006)(emphasis added). In *Woodford*, the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Woodford*, at 2380. The Respondent thereafter filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be fully and properly exhausted. *Id.*

The Georgia Department of Corrections Standard Operating Procedure (hereinafter, "SOP") on Inmate Grievances, which regulates the grievance process in all Georgia prisons, reveals that an inmate must exhaust an "Informal Complaint Procedure" before proceeding to a "Formal Grievance Procedure." The SOP states that an inmate has ten calendar days from the date he knew or should have known of the facts surrounding the grievance to file an informal grievance. After a decision is rendered regarding the informal grievance, the inmate may procure a formal grievance form from a prison counselor. There further exists

6

an appeal process for inmates who are not satisfied with the outcome of the formal grievance.

For an inmate to fully exhaust his administrative remedies, therefore, he must complete all three steps of the grievance procedure.

In his Response to the Defendants' Motion for Summary Judgment, Plaintiff does not contend that he requested a formal grievance form or even respond to Defendants' allegation that Plaintiff failed to exhaust his administrative remedies. Instead, Plaintiff accuses Defendants' counsel of lying regarding the laceration Plaintiff received, raises a new issue regarding his "bottom bunk profile" and continues to argue that he was "cut" by another inmate. (R-21-1).

In their Motions for Summary Judgment, the Defendants refer to Exhibit "A" attached to Plaintiff's Deposition (R-17), which is a copy of Plaintiff's original Grievance form wherein he made complaints similar to those in his Complaint in this case on August 16, 2006. (R-17, Exhibit "A"). On August 25, 2006, Defendant Keys responded to Plaintiff's complaints in writing. *Id*. On the same page, the Plaintiff was given an opportunity to request a formal grievance. *Id*. Directly below Plaintiff's signature the line reads: "If not resolved, was a Formal Grievance requested: Yes _____ or No _____." The exhibit provided by the Defendants shows that an "X" was placed next to "No." Thus, pursuant to SOP, the grievance was not appealed, which would have exhausted the grievance procedure in place at the time Plaintiff filed his grievance.

As such, Plaintiff did not exhaust his available administrative remedies before filing the current action. Therefore, this Court recommends that the Motion for Summary

Judgment be granted as no genuine issue of material fact exists where Plaintiff failed to exhaust the grievance procedure.

**ACCORDINGLY**, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that Defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED,** this 26th day of June, 2007.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc